IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TIMOTHY E. TORRENCE,**

    **Plaintiff,**

**v.**                                                                                                                    **No. 14-cv-0263 SMV**

**CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 21] ("Motion"), filed on September 16, 2014. The Commissioner responded on November 10, 2014. [Doc. 22]. Plaintiff replied on December 5, 2014. [Doc. 23]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 20]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating Dr. Tarr's opinion. Additionally, the ALJ's reasons for rejecting Dr. Tarr's opinion are not supported by substantial evidence. Because these errors may necessarily affect the residual functional capacity ("RFC") assessment and, thus, Plaintiff's other alleged error, the Court declines to address that error at this time. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

2

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on December 10, 2008.  Tr. 127.  Plaintiff alleged a disability-onset date of October 15, 2007.  *Id*.  His claims were denied initially and on reconsideration.  *Id*.  Plaintiff requested a hearing before an ALJ.  *Id*.  On February 15, 2011, a hearing was held before ALJ Stephen E. Davis, in Indianapolis, Indiana.  Tr. 44–63.  Plaintiff was represented by counsel at the hearing.[3]  *Id*.  The ALJ issued his unfavorable decision on July 1, 2011.  Tr. 127–41.  The Appeals Council granted Plaintiff's request for review on December 1, 2011, and remanded the case for rehearing by an ALJ.  Tr. 148–51.

ALJ Albert J. Velasquez held a supplemental hearing on May 8, 2012.  Tr. 17, 64–119.  Plaintiff appeared in person and was again represented by Indiana counsel, J. Frank Hanley, II.  *Id*.  The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Robert Barber, who appeared in person.  *Id*.  The ALJ adjourned the hearing to allow Plaintiff's attorney to supplement the record with additional medical evidence.  *Id*.  A second supplemental hearing was held on September 17, 2012.  Tr. 108–19.

The ALJ issued his unfavorable decision on October 26, 2012.  Tr. 17–36.  At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 19.  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id*.  There, he found that Plaintiff suffered from the following severe impairments: "lumbar degenerative disc disease or pain disorder, obesity, anxiety/post-traumatic stress disorder, depression, and history of polysubstance dependence and abuse in

---

[3] At the hearing, Plaintiff was represented by Indiana counsel, Jay Frank Hanley, II.  Tr. 44.  Here, however, Plaintiff is represented by Feliz M. Martone and the Martone Law Firm.

remission since about May 2009." *Id*. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 20–27.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 27–34. The ALJ found that:

> [Plaintiff] has the [RFC] to stand and walk for six of eight hours; sit for six of eight hours; lift and carry 20 pounds occasionally[4] and 10 pound frequently; no climbing of ladders, ropes, or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; avoid work at unprotected heights or working around moving machinery; and no operating of motor vehicles or being around open flames or large bodies of water. The work should be simple and repetitive in nature and not require more than superficial interaction with the general public, coworkers, or supervisors.

Tr. 27. At step four, the ALJ found that Plaintiff was unable to return to his past relevant work as "a construction laborer, delivery person, janitor, and general laborer." Tr. 34. Accordingly, the ALJ proceeded to step five. Based on Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy. Tr. 35. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims. Tr. 36. The Appeals Council denied Plaintiff's request for review on February 14, 2014. Tr. 1−5. Plaintiff timely filed the instant action on March 19, 2014. [Doc. 1].

## **Analysis**

The ALJ failed to apply the correct legal standards in evaluating the opinion of treating psychologist, Dr. Tarr. Additionally, the ALJ's reasons for rejecting Dr. Tarr's opinion are not

---

[4] "Occasionally means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday (Social Security Ruling 96-9p). Tr. 27 (internal quotations omitted).

supported by substantial evidence. Accordingly, the Court will grant the motion and remand the case for proper evaluation of Dr. Tarr's opinion.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good

reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that he ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two steps. First, the ALJ must find that the opinion (a) is not supported by medical evidence and/or (b) is not consistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two steps must be supported by substantial evidence.

In this case, the ALJ found that as a result of Plaintiff's mental impairments, his "work should be simple and repetitive in nature and not require more than superficial interaction with the general public, coworkers, or supervisors." Tr. 27. The ALJ cited to various mental health, substance abuse, and vocational rehabilitation records as support for his RFC. Tr. 33–34. In particular, the ALJ stated that he was adopting the consultative opinion of Dr. Wager, and he found that her opinion supported his RFC assessment. Tr. 33. Having marshaled the evidence that could support his RFC assessment, the ALJ then—and only then—weighed Dr. Tarr's opinion against it. Tr. 33–34. He found that the other evidence "fail[ed] to support Dr. Tarr's opinion that [Plaintiff]'s mental impairments render him incapable of sustaining work activities commensurate with the [RFC] assessed herein." Tr. 33. Plaintiff argues that the ALJ failed to apply the correct legal standards in evaluating Dr. Tarr's opinion. [Doc. 21] at 5–13. The Court agrees.

"[W]hen a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating

7

physician's report, not the other way around." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).  Here, the ALJ erred in evaluating Dr. Tarr's opinion.  The ALJ was required to determine whether the other evidence, including Dr. Wager's opinion, outweighed Dr. Tarr's opinion.  Instead, the ALJ did the opposite.  The initial inquiry should have been whether the other evidence supported Dr. Tarr's RFC, not whether it supported the ALJ's RFC.

This error is particularly problematic in this case because Dr. Tarr was the only examining provider to assess functional limitations for Plaintiff.  Tr. 1031, 1061–64.  None of the other evidence that the ALJ cited as support for his RFC assessment included any opinion as to Plaintiff's specific functional limitations.  *See* Tr. 33–34.  This matters because without any other opinion as to Plaintiff's specific functional limitations, there is no substantial evidence to support the ALJ's finding that Dr. Tarr's RFC was inconsistent with the record.

The ALJ gave other reasons for rejecting Dr. Tarr's opinion, but they do not remedy these errors.  The ALJ found that Dr. Tarr's opinion was "not supported by any cited medical evidence of record besides reiteration of [Plaintiff]'s subjective complaints."  Tr. 33.  The implication is that Dr. Tarr himself did not cite specific medical evidence to support his opinion.  Of course, this is not a permissible reason to reject Dr. Tarr's opinion.  The question is not whether Dr. Tarr cited supporting evidence.  The question is whether there is supporting evidence.  *See Langley*, 373 F.3d at 1119.  It appears that there is at least some medical evidence to support Dr. Tarr's opinion.  Dr. Tarr expressly attributes Plaintiff's limitations, at least in part, to his post-traumatic stress disorder, a diagnosis borne out by the record and adopted by the ALJ.  *See* Tr. 19.

In rejecting Dr. Tarr's opinion, the ALJ also found that Dr. Tarr was not familiar with social security's definition of "repeated episodes of decompensation each of extended duration." Tr. 33. He also found that, other than Plaintiff's "homelessness, [lack of] transportation, poor communication with co-workers/supervisors, poor work history, low education, and substance abuse," Plaintiff was "'capable of competitive employment' and was not too ill/disabled to work." Tr. 34 (quoting Voc. Rehab. record at Tr. 1024–27). These reasons fail to evidence that the ALJ applied the correct legal standards in evaluating Dr. Tarr's treating opinion. Additionally, the Court finds that they fall far short of constituting good reasons, supported by substantial evidence, for rejecting the treating opinion of Dr. Tarr.

## Conclusion

Remand is required for proper evaluation of Dr. Tarr's opinion. Because the RFC assessment may be changed on remand to address this error, the Court declines to address Plaintiff's other alleged error at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 21] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**