IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY E. TORRENCE,

    Plaintiff,

v.                                                                                                   No. 14-cv-0263 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act . . . [Doc. 27] ("Motion"), filed on May 7, 2015. The Commissioner responded on May 20, 2015. [Doc. 28]. Plaintiff replied the same day. [Doc. 29]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 19]. Plaintiff moves the Court for an award of attorney fees in the amount of $2,406.40 under the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412. Having reviewed the record, the briefing, and the relevant law and being otherwise fully advised in the premises, the Court finds that the Commissioner fails to address the error for which the case was remanded. Thus, she does not meet her burden to show that her position was substantially justified, and the Motion will be granted.

**Background**

The Commissioner denied Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. [Doc. 25] at 4. After exhausting his

administrative appeals, Plaintiff timely filed an action in this Court on March 19, 2014. [Doc. 1]. Ultimately, this Court agreed with Plaintiff that the ALJ had failed to apply the correct legal standards in evaluating the opinion of treating psychologist, Dr. Tarr. [Doc. 25] at 5. The Court further found that the ALJ's reasons for rejecting Dr. Tarr's opinion were not supported by substantial evidence. *Id.* at 5–6. Thus, the Court reversed the Commissioner's final decision and remanded the case for further proceedings. *Id.* at 9.

## Analysis

Plaintiff now requests an award of attorney fees of $2,406.40 pursuant to EAJA. [Doc. 27]. The Commissioner opposes the Motion because, she argues, her position was substantially justified. [Doc. 28].

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified. [Docs. 27, 28].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts. 28 U.S.C. § 2412(d)(2)(D). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial

justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)). A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566).

Similarly, a district court's order affirming does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that his position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, No. 00-7021, 1 Fed. Appx. 792, 795, 2001 WL 10316, *2 (10th Cir. Jan 4, 2001) (unpublished); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

In this case, the ALJ found that as a result of Plaintiff's mental impairments, his "work should be simple and repetitive in nature and not require more than superficial interaction with the general public, coworkers, or supervisors." [Doc. 25] at 7 (quoting Tr. 27). The ALJ cited to various mental health, substance abuse, and vocational rehabilitation records as support for his residual functional capacity ("RFC") assessment. *Id.* (citing Tr. 33–34). In particular, the ALJ stated that he was adopting the consultative opinion of Dr. Wager, and he found that her opinion supported his RFC assessment. *Id.* (citing Tr. 33). Having marshaled the evidence that could

support his RFC assessment, the ALJ then—and only then—weighed Dr. Tarr's opinion against it. *Id.* (citing Tr. 33–34). He found that the other evidence "fail[ed] to support Dr. Tarr's opinion that [Plaintiff]'s mental impairments render him incapable of sustaining work activities commensurate with the [RFC] assessed herein." *Id.* (citing Tr. 33). The Court found that the ALJ had failed to properly apply the treating physician rule. *Id.* at 7–8.

"[W]hen a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's report, not the other way around." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ was required to determine whether the other evidence, including Dr. Wager's opinion, outweighed Dr. Tarr's opinion. Instead, the ALJ did the opposite. The initial inquiry should have been whether the other evidence supported Dr. Tarr's RFC, not whether it supported the ALJ's RFC. Thus, the Court reversed the Commissioner's denial of benefits and remanded the case for proper evaluation of Dr. Tarr's opinion. [Doc. 25].

In response to the instant Motion, the Commissioner argues that her position was substantially justified. [Doc. 28] at 2–5. She argues that the ALJ was entitled to reject Dr. Tarr's opinion because (a) it was not supported by his treatment notes, (b) it was based on Plaintiff's subjective complaints rather than on his signs and symptoms, and (c) it was inconsistent with the record. *Id.* at 3–4. She further argues that the ALJ was entitled to reject Dr. Tarr's opinion because (d) he did not appear to be familiar with certain agency jargon, and because (e) Plaintiff's vocational counselor indicated that Plaintiff could work. *Id.* at 5.

First, the Court disagrees with the Commissioner's characterization of the ALJ's reasons for rejecting Dr. Tarr's opinion. *See* [Doc. 25] at 5–9; Tr. 33–34. More importantly, however,

the Commissioner's response does not address the ALJ's error in this case.  The ALJ assessed Plaintiff's RFC, i.e. his functional capacity.  The ALJ then cited to numerous records—none of which contained express functional limitations[1]—and determined that those records supported his RFC assessment. Tr. 33–34.  Having determined the RFC, and having fashioned the loosely supportive evidence as a bull's eye around it, the ALJ *then* analyzed whether Dr. Tarr's opinion was consistent with the RFC.  *Id.*  This, of course, is backward.  *See Hamlin v. Barnhart*, 365 F.3d at 1215.  The Commissioner's response fails to address this error in any way.[2]  Therefore, the Commissioner fails to meet her burden to show that her position was substantially justified.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees under Equal Access to Justice Act . . . [Doc. 27] is **GRANTED**, and Plaintiff Timothy E. Torrence is authorized to receive $2,406.40 for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

---

[1] The Commissioner argues that Dr. Wager (on whose opinion the ALJ purported to rely) assessed functional limitations for Plaintiff. [Doc. 28] at 4 (citing Tr. 1134).  Dr. Wager's report, however, tells a different story.  In an effort to assess whether Plaintiff was entitled to disability benefits from the Department of Veterans Affairs, Dr. Wager specifically compartmentalized Plaintiff's impairments (and resulting functional limitations): service-related (i.e., depression and anxiety) and non-service-related (i.e., personality disorder). Tr. 1134.  She opined that Plaintiff's service-related depression and anxiety did "not render him unable to secure and maintain employment altogether." *Id.*  She discussed some resulting functional limitations, such as difficulty managing stress, responsibilities, time-pressure, and criticism from co-workers. *Id.*  Then, she addressed his non-service-related personality disorder. *Id.*  She opined that it was "FAR MORE impairing that his service-related conditions." *Id.* (emphasis in original).  Dr. Wager's opinion simply does not include any opinion as to Plaintiff's overall mental functional limitations, as does Dr. Tarr's. *See id.* Dr. Wager's opinion is not inconsistent with Dr. Tarr's assessed functional limitations, as the ALJ suggested and as the Commissioner now argues.  They are apples and oranges.

[2] The circumstances in this case—which are a little different than is generally seen in social security appeals—highlight why the *Hamlin* rule is so important and why the Commissioner's position was not substantially justified.  Often, there are competing medical opinions as to a plaintiff's *functional limitations*: some from agency doctors and some from treating doctors.  The ALJ must then decide which opinions (i.e., which functional limitations) to adopt and explain his reasons for doing so.  The important difference in this case, though, is that the only opinion as to Plaintiff's functional limitations comes from Dr. Tarr.  *None* of the other evidence includes any medical opinion about Plaintiff's functional limitations.  This distinction highlights the ALJ's error, which is both legal and factual.

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**